UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Chengdu ShiQiaoShang Technology Co., Ltd., Shenzhen Yulonglong Technology Co., Ltd., and Chengdu Zheshe Suipian Technology Co., Ltd. <br><br> *Plaintiffs*, <br><br> v. <br><br> Pathway IP LLC, <br><br> *Defendant*. | CASE NO. 7:25-cv-6585 <br><br> JURY DEMAND |

## COMPLAINT

This is an action brought under the Declaratory Judgment Act by Plaintiffs Chengdu ShiQiaoShang Technology Co., Ltd, ("ShiQiaoShang"), Shenzhen Yulonglong Technology Co., Ltd, ("Yulonglong") and Chengdu Zheshe Suipian Technology Co., Ltd. ("ZhesheSuipian," or collectively with ShiQiaoShang and Yulonglong as "Plaintiffs"), against Defendant, Pathway IP LLC ("Defendant"), claiming for patent non-infringement of certain video lights products, as defined herein ("Light Products"), and invalidity against U.S. Patent No. 8,500,293 B2 ("'293 Patent"). Upon actual knowledge with respect to itself and its acts, and upon information and belief as to all other matters, Plaintiffs allege as follows:

### NATURE OF THE ACTION

1. This action seeks Declaratory Judgments of patent non-infringement under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and the United States Patent Laws, 35 U.S.C. § 101 *et seq*. Plaintiffs were informed by Defendant's counsel that Defendant anticipated bringing an action against them in the near future for the patent infringement of the '293 Patent.

1

2. This is an action under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking a declaratory judgment that Defendant's '293 Patent is invalid under at least 35 U.S.C. §§ 102, 103 and/or 112.

## PARTIES

3. Plaintiff Chengdu ShiQiaoShang Technology Co., Ltd., is a foreign company organized under the laws of the People's Republic of China, and sells the Light Products on Amazon under the name "ShiQiaoShang."

4. Plaintiff Shenzhen Yulonglong Technology Co., Ltd., is a foreign company organized under the laws of the People's Republic of China, and sells the Light Products on Amazon under the name "Yulonglong."

5. Plaintiff Chengdu Zheshe Suipian Technology Co., Ltd., is a foreign company organized under the laws of the People's Republic of China, and sells the Light Products on Amazon under the name "Zheshesuipian Tech."

6. Upon information and belief, Pathway IP LLC, is a Delaware Limited Liability Company registered to do business in the State of New York with its principal place of business at 400 Rella Blvd, #156, Montebello, NY 10901.

7. Upon information and belief, Defendant is the owner of the '293 Patent through assignment in December 2024.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction under 28 U.S.C. §§ 2201, 2202, 1331, 1338(a), because this action arises under the laws of the United States, in particular the Patent Act of the United States, 35 U.S.C. § 100 et seq.

9. An actual case or controversy exists between the parties to this action. Defendant's conduct has placed Plaintiffs under an imminent and tangible threat of an infringement complaint, and, as a result of Defendant's actions, Plaintiffs' listings face potential removal by Amazon. Defendant's actions thereby give rise to an actual controversy under 28 U.S.C. §§ 2201 et. seq.

10. Venue is proper in this Court pursuant to 28 U.S.C.§ 1391, and this Court may properly exercise personal jurisdiction over Defendant since the Defendant resides in this District.

## THE PLAINTIFFS' LIGHT PRODUCTS

11. Plaintiffs sell NEEWER-branded Light Products on Amazon under ASIN B0DCSHSSFF ("Light Products"). These Light Products are well-established, popular on Amazon, and have been designated as "Amazon's Choice."



12. On May 2, 2025, Defendant commenced a patent infringement lawsuit in the U.S. District Court for the Northern District of Illinois against multiple Amazon sellers of similar products, captioned *Pathway IP LLC v. The Individuals, Corporations, Limited Liability*

3

*Companies, Partnerships, and Unincorporated Associations Identified on Schedule A*, Case No. 1:25-cv-04842.

13. Plaintiff requested that Defendant's counsel confirm whether Plaintiff was included in the Schedule A, which was sealed at the time.

14. Defendant's counsel advised that Plaintiff was not listed in the Schedule A but indicated that Defendant intends to initiate a separate action against Plaintiff in the near future.

15. The Amazon marketplace constitutes Plaintiffs' primary sales channel into the United States. To remain competitive in the United States market for Light Products, Plaintiffs need their products listed in the Amazon marketplace. Defendant's conduct has placed Plaintiffs under an imminent and tangible threat of an infringement complaint, and, as a result of Defendant's actions, Plaintiffs' listings face potential removal by Amazon.

## U.S. PATENT NO. 10,197,293

16. The face of the '293 Patent lists Joan E. Sutton, Jeffrey K. Sutton, and Heather E. Sutton as its inventor. *See* Exhibit A. The '293 Patent was issued on August 6, 2013. *Id*.

17. The '293 Patent is entitled "personal video lighting system" and generally discloses "A personal video lighting system to provide enhanced facial illumination for use with a personal computer and video communication." Exhibit A, at Abstract.

18. The '293 Patent has five independent claims and fifteen dependent claims, each claiming a lighting system. *See* Exhibit A.

## COUNT I
### (DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '293 PATENT)

19. Plaintiffs incorporate by reference the allegations set forth above in this Complaint as if fully set forth herein.

4

20. An actual, continuing and justiciable controversy exists between Plaintiffs and Defendant concerning the non-infringement of the '293 Patent by the Light Products, as evidenced by Defendant's indication to bringing an infringement litigation against Plaintiffs, as set forth above.

21. Plaintiffs' Light Products do not infringe any of the presumably valid claims of the '293 Patent, as the Light Products fails to meet one or more elements of independent claims 1, 11, 15 and 16 of the '293 Patent.

22. For example, the claims 1, 11 and 15 of the '293 Patent require a flexible support arm. *See* Exhibit A. However, Plaintiffs' Light Products use a rigid clip, rigid ball-head/tilt joint, and an optional rigid mini-tripod. It does not include any "flexible support arm," "hollow flexible support tube," or other flexible, bendable gooseneck-type member that connects a body to a light panel/tube. Plaintiffs' Light Products ring emits from an annular lamp head that is attached to a rigid clip and a rigid ball-head joint (and/or a small rigid tripod). There is no flexible, bendable, gooseneck-type arm or tube between any "body" and any "light panel."

23. Further, all the independent claims 1, 11, 15, 16, and 18 requires "one or more white LED's have a CIE 1931 color chromaticity x coordinate between 0.300 and 0.420 and a CIE 1931 color chromaticity y coordinate between 0.300 and 0.420." *See* Exhibit A. However, Plaintiffs' Light Products employ two different strings of discrete LEDs—warm white LEDs ($\approx$2700–3000 K) and cool/white LEDs ($\approx$5600–8000 K)—that are separately addressable and used singly or together to create user-selectable CCT steps. The measured chromaticity coordinates of the LEDs themselves are outside the rectangle x: 0.300–0.420, y: 0.300–0.420 required by every independent claim of the '293 Patent. Using both strings simultaneously to obtain intermediate CCTs does not cure this absence because the claims require that "the white LEDs" have the claimed x/y values.

5

A mixed output from two different LEDs with different coordinates is not the coordinate "of the LEDs" as claimed. The warm-white LEDs of accused light have x > 0.420; the cool-white LEDs have x < 0.300. The claim requires the LEDs themselves (not a blended beam) to have x/y within the rectangle; Plaintiffs' Light Products do not. Therefore, Plaintiffs' Light Products do not infringe any of the independent claims.

24. Thus, among other things, the Light Products do not meet the limitation of the independent claims 1, 11, 15, 16, and 18 of the '293 Patent.

25. Likewise, since the independent claims 1, 11, 15, 16, and 18 are not infringed, neither are dependent claims. *Wahpeton Canvas Co. v. Frontier, Inc.*, 870 F.2d 1546, 1552 n.9, 1553 (Fed. Cir. 1989) (a dependent claim cannot be infringed if any claim from which it depends is not infringed).

26. Pursuant to the Declaratory Judgment Act, Plaintiffs request a judicial determination and declaration that the Light Products do not infringe, either directly or indirectly, literally or under the doctrine of equivalents, any presumably valid claim of the '293 Patent.

## COUNT II
### (DECLARATORY JUDGMENT OF INVALIDITY OF THE '293 PATENT)

27. Plaintiffs incorporate by reference the allegations set forth above in this Complaint as if fully set forth herein.

28. An actual, continuing and justiciable controversy exists between Plaintiffs and Defendant concerning the validity of the '293 Patent, as evidenced by Defendant's indication to bringing an infringement litigation against Plaintiffs, as set forth above.

29. Claims 1-20 of the '293 Patent are invalid under 35 U.S.C. § 102 and/or § 103 at least in light of the prior art cited herein.

30. ANSI/NEMA/ANSLG C78.377-2008 ("ANSI Standard"), by itself or in combination with other prior art, anticipates and/or renders obvious one or more claims of the '293 Patent. ANSI Standard was released in February 2008 by NEMA/ANSLG and defines recommended chromaticity ranges for white LED products using the CIE 1931 (x,y) diagram and rectangular quadrangles around the Planckian locus for nominal CCTs from 2700 K to 6500 K. It teaches specifying "white" LEDs by (x,y) coordinate windows and Duv tolerances, thereby establishing rectangular chromaticity windows as standard engineering practice prior to the '293 Patent's effective filing date. A copy of ANSI Standard is attached as Exhibit B.

31. U.S. Patent No. 7,841,729, entitled "Webcam Illuminator Device" to Henry ("Henry"), by itself or in combination with other prior art, anticipates and/or renders obvious one or more claims of the '293 Patent. Henry issued on November 30, 2010 from an application filed on January 24, 2008. Henry discloses lighting for a user in front of a webcam, including ring- or toroid-shaped bulbs with a reflector and an adjustable arm or clamp to position the light relative to the camera, thereby teaching personal video lighting hardware placed on or around a display or camera and movable to optimize facial illumination. A copy of Henry is attached as Exhibit C.

32. U.S. Patent No. 6,799,861, entitled "Portable Lighting Apparatus and Method of Use" to Naghi et al. ("Naghi"), by itself or in combination with other prior art, anticipates and/or renders obvious one or more claims of the '293 Patent. Naghi issued on October 5, 2004 from an application filed on March 15, 2001. Naghi discloses a portable LED light with a bendable or flexible body (gooseneck-type) and clamp or attachment options for books, laptops, PDAs, and other objects, explicitly positioning LEDs using a flexible support to direct light where needed. A copy of Naghi is attached as Exhibit D.

7

33. U.S. Patent Application Publication No. 2007/0115672, entitled "Illuminating Book Light" to Nelson ("Nelson"), by itself or in combination with other prior art, anticipates and/or renders obvious one or more claims of the '293 Patent. Nelson was published on May 24, 2007 and discloses a portable LED light with a clamp base and a bendable, link-type neck enabling a wide range of adjustable positions, as well as compact, travel-friendly implementations with on-device switching or brightness control. Nelson teaches an LED source mounted via a flexible neck and clamp to illuminate a target region, closely paralleling the '293 Patent's flexible support and clamp-style mounting concepts. A copy of Nelson is attached as Exhibit E.

34. Thus, among the other basis, Claims 1-20 of the '293 Patent are rendered obvious and/or anticipated by prior arts as listed above pursuant to the 35 U.S.C. §§ 102 and/or 103.

35. Therefore, Plaintiffs seek a declaratory judgment that claims 1-20 of the '293 Patent are invalid for failing to satisfy the criteria of 35 U.S.C. §§ 102, 103 and/or 112.

## COUNT III
### (DECLARATORY JUDGMENT OF UNENFORCEABILITY OF THE '293 PATENT)

36. Plaintiffs incorporate by reference the allegations set forth above in this Complaint as if fully set forth herein.

37. An actual, continuing and justiciable controversy exists between Plaintiffs and Defendant concerning the enforceability of the '293 Patent, as evidenced by Defendant's indication to bringing an infringement litigation against Plaintiffs, as set forth above.

38. On September 13, 2021, the '293 Patent expired due to the failure to pay the required 7.5-year maintenance fee.

39. Nearly three years later, on July 1, 2024, one of the named inventors, Jeffrey Sutton, submitted a petition to the USPTO seeking acceptance of a delayed maintenance fee payment, asserting that the failure to timely pay the 7.5-year maintenance fee was unintentional.

40. Within two weeks after the USPTO granted the petition to accept the unintentionally delayed payment, the inventors assigned the '293 Patent to Defendant.

41. Upon information and belief, the inventors of the '293 Patent consciously allowed the '293 Patent to expire, and their failure to timely pay the maintenance fees was in fact intentional, not unintentional as falsely asserted in the Petition.

42. Upon information and belief, the inventors sought to revive the '293 Patent because Defendant intended to acquire it.

43. Under 37 C.F.R. § 1.56, "[e]ach individual associated with the filing and prosecution of a patent application has a duty of candor and good faith in dealing with the [USPTO], which includes a duty to disclose to the [USPTO] all information known to that individual to be material to patentability.

44. The inventors revived the '293 Patent through misrepresentation and inequitable conduct before the USPTO. As individuals owing a duty of candor to the USPTO, they knew that their statement—that the '293 Patent was unintentionally allowed to lapse due to non-payment of maintenance fees—was false, and that the non-payment was intentional. Statements to the contrary, including those in the petition to accept unintentionally delayed payment of the maintenance fee, were made with the intent to deceive the USPTO.

45. The USPTO relied on the inventors' false statement in reinstating the '293 Patent and accepting late payment of the maintenance fees.

46. The '293 Patent is unenforceable as a result of this inequitable conduct.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:

A. Declaring that Plaintiffs' Light Products do not infringe any of the claims of the '293 Patent;

B. Declaring that the claims of the '293 Patent are invalid for failing to satisfy the criteria of 35 U.S.C. §§ 102, 103 and/or 112;

C. Declaring that the '293 Patent is unenforceable;

D. Preliminary and permanent injunctions refraining Defendant from enforcing the '293 Patent against Plaintiffs;

E. A finding that this case is exceptional and an award to Plaintiffs of their costs, expenses, and reasonable attorney fees incurred in this action pursuant to 35 U.S.C § 285;

F. Awarding Plaintiffs damages due to Defendant's improper acts, doubled and/or trebled due to the willful and exceptional nature of the case;

G. Awarding Plaintiffs compensatory, general and special, consequential and incidental damages in an amount to be determined at trial;

H. Awarding Plaintiffs exemplary, punitive, statutory, and enhanced damages;

I. Awarding pre- and post- judgment interest; and

J. Awarding Plaintiffs such other and further relief as this Court deems is just and proper.

## JURY TRIAL DEMAND

Plaintiffs hereby demand a jury trial on all issues so triable.

Date: August 11, 2025

/s/ Wei Wang
Wei Wang, Esq.
GLACIER LAW LLP
41 Madison Avenue, Suite 2529
New York, NY 10010

wei.wang@glacier.law
(212) 729-5073

Tao Liu, Esq.
GLACIER LAW LLP
41 Madison Avenue, Suite 2529
New York, NY 10010
Tao.liu@glacier.law
***Attorney for Plaintiffs***