**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| Chengdu ShiQiaoShang Technology Co., Ltd., Shenzhen Yulonglong Technology Co., Ltd., and Shengdu Zheshe Suipian Technology Co., Ltd., <br><br> Plaintiffs, <br><br> v. <br><br> Pathway IP LLC, <br><br> Defendant. | Case No. 26-cv-00219-JLA <br><br> Honorable Jorge L. Alonso |

### DEFENDANT'S MOTION TO DISMISS

COMES NOW Defendant Pathway IP LLC, by and through the undersigned counsel, to submit the following Motion to Dismiss Plaintiffs' Complaint.

**I. Procedural Background**

Plaintiffs filed this suit for declaratory relief on August 11, 2025, in the Southern District of New York seeking declarations that 1) Plaintiffs' products do not infringe Defendant's U.S. Patent No. 8,500,293 ("the '293 Patent") and 2) that the '293 Patent is invalid and unenforceable. *See generally* Doc. 1. In the Complaint, Plaintiffs offered only vague allegations that Defendant had signaled an intent "to initiate a separate action against Plaintiff[] in the near future" as the basis for subject matter jurisdiction existed under the DJA. Doc. 1 at ¶ 14. Prior to the case being transferred to this Court on January 9, 2026, the parties exchanged pre-motion letters pursuant to Judge Halpern's local rules in the S.D.N.Y., wherein the parties set forth their respective contentions for Defendant's then-forthcoming Motion to Dismiss. *See* Docs. 14, 17. In their letter, Plaintiffs elaborated on their jurisdictional allegation by citing an email thread between their counsel, Wei Wang, and Defendant's former counsel, Nicholas Lee. *See* Doc. 17-1.

1

After reviewing the parties' letters and hearing argument on the same at the pre-motion conference held on January 7, 2026, Judge Halpern expressed strong doubt that the content of the email chain proffered by Plaintiffs was sufficient to support declaratory judgment jurisdiction, characterizing Defendant's former counsel's message as "less of a threat to litigate and more of [an invitation] to negotiate." *See* Exhibit W at 2:16-17. Judge Halpern indicated that based on that assessment, he was "not at all clear that [Plaintiffs' claim] is a justiciable matter." *Id.* at 2:17-18. However, rather than dismiss the case outright, Judge Halpern offered to transfer the case to this Court due to the parties' existing and previous engagements within this District, to which the parties consented.

## II. Legal Standards

### A. The Declaratory Judgment Act

The Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.* ("the DJA"), provides that a Court may, in its discretion, exercise subject matter jurisdiction over an actual controversy within its jurisdiction. 28 U.S.C. § 2201(a). "Whether an actual case or controversy exists so that a district court may entertain an action for a declaratory judgment of non-infringement and/or invalidity [of a patent] is governed by Federal Circuit law." *3M Co. v. Avery Dennison Corp.*, 673 F.3d 1372, 1377 (Fed. Cir. 2007). Because Pathway contests the Court's authority to decide Plaintiff's claims for declaratory judgment of non-infringement and invalidity, Federal Circuit law controls here.

"[T]here is no bright line rule to determine whether a declaratory judgment action satisfies Article III's case-or-controversy requirements," but the Supreme Court has directed courts to employ the doctrines of standing or ripeness. *3M*, 673 F.3d at 1376 (citing *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 128 n.8 (2007)). "Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between

2

parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. *Id.* at 127.

In the patent context, an "actual controversy" adequate to support justiciability under the DJA arises where "the patentee takes a position that puts the declaratory judgment plaintiff in the position of either pursuing arguably illegal behavior or abandoning that which he claims a right to do." *SanDisk Corp. v. STMicroelectronics, Inc.*, 480 F.3d 1372, 1381 (Fed. Cir. 2007). In short, "without some affirmative act by the patentee[,]" declaratory judgment jurisdiction generally will not exist. *Id.*; *Hewlett-Packard Co. v. Acceleron LLC*, 587 F.3d 1358, 1364 (Fed. Cir. 2009).

The burden of establishing that the Court has subject matter jurisdiction, i.e., that an actual case or controversy exists in a declaratory judgment action, falls on the plaintiff. *Marakova v. United States*, 201 F.3d 110, 113 (2nd Cir. 2000). If the Court determines at any time that it lacks subject matter jurisdiction, it must dismiss the case. Fed. R. Civ. P. 12(h)(3); *MedImmune v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (A controversy must "at all times remain definite and concrete, touching the legal relations of parties having adverse legal interests" to sustain subject matter jurisdiction over a declaratory judgment action.).

### B. Motions to Dismiss under Rule 12(b)(1)

A motion to dismiss under Rule 12(b)(1) challenges the Court's subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The plaintiff bears the burden of establishing the court's jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Where the defendant contests the truth of the jurisdictional allegations, the Court may look beyond the pleadings and view any competent proof submitted by the parties to determine if the plaintiff has established subject matter jurisdiction by a preponderance of the evidence. *See Silha v. ACT, Inc.*, 807 F.3d 169, 173 (7th Cir. 2015); *Apex Digit., Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 444-445 (7th Cir. 2009).

**III. Argument**

  **A. Plaintiffs have failed to show the existence of an actual controversy**

  The Complaint provides extremely limited information and context for the basis of Plaintiffs' claims. Plaintiffs argue that an actual case or controversy exists in view of certain representation(s) Pathway's counsel made to Plaintiffs. Doc. 1 at ¶¶13-14. However, these paragraphs appear to constitute the full extent of Plaintiffs' allegations, leaving Pathway to speculate as to who made the representation(s) and to whom they were made, when these representation(s) were made, and the context and content of the representation(s) themselves. In response to Pathway's pre-motion letter and Letter Motion for a pre-motion conference in the S.D.N.Y. case, Plaintiffs pointed to an email exchange that took place in July of 2025 between Plaintiffs' counsel and Pathway's prior litigation counsel, Nicholas Lee. *See* Doc. 17-1. Plaintiffs' counsel initiated this exchange by asking Mr. Lee whether Plaintiffs were named as defendants in *Pathway IP LLC v. The Individuals et al.*, Case No. 25-cv-4842 (N.D. Ill. filed May 2, 2025). Mr. Lee answered in the negative, but appears to have informed Plaintiffs' counsel that Pathway anticipated bringing "a separate action against [Plaintiffs] in the near future[,]" and invited Plaintiffs to engage in preliminary discussions to avoid litigation. At no time did Mr. Lee accuse any particular product or activity of Plaintiffs of infringing any particular right belonging to Pathway, nor do Plaintiffs point to any more recent statement or action on Pathway's part that could lead to a reasonable apprehension of suit.

  Plaintiffs' allegations regarding a comment made by prior counsel over six months ago, which were not tied to any specific product or patent, are wholly insufficient to show that an actual controversy exists between the parties. As noted above, Judge Halpern was "not thoroughly impressed" with Plaintiffs' allegation that an actual controversy exists solely on the strength of an email exchange which appears, in Judge Halpern's words, to be "less of a threat to litigate and

more of an [invitation] to negotiate[.]" Exhibit W at 2:16-17. Even if this single comment had been enough to give rise to an actual controversy sufficient to support subject matter jurisdiction under the DJA at the time it was made, the distinct lack of any subsequent statement or action in the intervening six months shows that there is no ongoing controversy.

As such, Plaintiffs have failed to show that an actual case or controversy exists to support subject matter jurisdiction under the Declaratory Judgment Act, and their claims for declaratory relief should be dismissed accordingly.

### B. Plaintiffs have brought this suit for improper purpose

Moreover, the Court should decline to hear this action because Plaintiffs are pursuing it for an improper purpose. As recognized by the Supreme Court, the purpose of the DJA is to ameliorate the dilemma faced by parties forced to choose between abandoning their rights or continuing to pursue potentially illegal activity and risking liability. *MedImmune*, 549 U.S. at 129. Where a claim is put forth under the DJA that is not in furtherance of this objective, a Court may discretionarily decline to hear that case, even where it determines that an actual case or controversy exists. *See, e.g., EMC Corp. v. Norand Corp.*, 89 F.3d 807 (Fed. Cir. 1996).

Rather than a legitimate plea to the Court to resolve a genuine dispute between Plaintiffs and Defendant, this case is being used as a legal weather balloon wherein inconsequential named entities are used as plaintiffs to attack Pathway's patent, while significant related parties selling different, commercially successful products hide in the shadows, waiting to see which way the wind blows. If plaintiffs are unsuccessful, the next wave of parties can bring a subsequent suit and argue that they are not estopped by this Court's ruling against these plaintiffs.

The named Plaintiffs in this case are Chengdu ShiQiaoShang Technology Co., Ltd. ("ShiQiaoShang"), Shenzhen Yulonglong Technology Co., Ltd. ("Yulonglong"), and Chengdu

5

Zheshe Suipian Technology Co., Ltd. ("Zheshesuipian Tech."). *See* Doc. 1 at ¶¶ 3-5. Plaintiffs admit that they sell NEEWER-branded light products on Amazon. *See id.* at ¶ 11.

Pathway and entities selling other NEEWER-branded products are no strangers to one another. Pathway previously sued thirteen sellers of NEEWER-branded products, including Plaintiff ShiQiaoShang, for infringement of a patent other than the one identified by Plaintiffs in the Complaint (and in relation to different products) in *Pathway IP LLC v. The Individuals et al.*, 24-cv-5218 (N.D. Ill. 9/10/2024) ("the '5218 litigation"). These 13 sellers, including ShiQiaoShang, are referred to therein and below as the "Neewer Defendants."

Each of the 13 Neewer Defendants are all working together to defend the '5218 litigation, using the same law firm and filing joint briefing. *See, e.g.,* Doc. 117 filed in the '5218 litigation (filed herewith as Exhibit A). Not coincidentally, the same firm representing the Neewer Defendants in the '5218 litigation is jointly representing the Plaintiffs in the instant matter.

Discovery in the '5218 litigation has shown that at least six of the Neewer Defendants— including ShiQiaoShang—have simultaneously claimed to own the NEEWER brand for lighting products. *See* documents produced in discovery in the '5218 litigation at NGD000132, NGD000137, NGD000142, NGD000146, NGD000152, and NGD000186 (attached collectively hereto at Exhibit B). Shenzhen Neewer of Guangdong, China also claims to own the NEEWER brand for lighting products. *See* Exhibit X, which is a document produced in discovery during the '5218 litigation as NGD000189. But while Shenzhen Neewer owns various U.S. trademark applications, it is not the owner of record of any US trademark registration or application for the NEEWER mark. Rather, Shenzhen Xing Ying Da is the owner of record for at least twelve granted or pending trademark applications for NEEWER and related marks. *See* USPTO Reg. Nos.

6

9082534, 79141410, 79214020, 79243553, 79301558, 85946985, 97245221, 98422419, 98553808, 98554952, 98958307, and 98958334 (provided as Exhs. C-N hereto).

In addition to being tied together through trademark rights, Shenzhen Neewer and Shenzhen Xing Ying Da are related through public patent records. For example, inventor Yan Ke alternates in assigning his rights to Shenzhen Neewer (*see, e.g.*, U.S. Patent Nos. D887,590, D929,007, and D956,129, all for lighting devices, provided as Exhs. O-Q hereto) and to Shenzhen Xing Ying Da (*see, e.g.*, U.S. Patent Nos. D983,862 and D979,633, all for lighting devices, provided as Exhs. R and S hereto).

Moreover, when beneficial, Shenzhen Neewer has sworn that it is the same as at least one of the Neewer Defendants. More particularly, Shenzhen Neewer filed a verified Complaint "under penalty of perjury under the laws of the United States" alleging that "its [i.e., Neewer's] sales of ring light products" on Amazon, including those shown in Exh. H-5 to the Complaint, were wrongfully accused of infringing a third-party patent. *See* Complaint (Doc. 9) filed in *Shenzhen Neewer Tech. Co. v. Allisman (Shenzhen) Tech. Co. et al.*, 1:20-cv-09446-KPF (S.D.N.Y. 11/12/2020) at ¶ 22, Exh. H-5 (collectively attached hereto as Exhibit T). As identified in that document, the named seller on Amazon was iphotoxx. But in the '5218 litigation, iphotoxx has denied that it is owned by Shenzhen Neewer. *See* Notification of Affiliates (Doc. 159) at p. 2, filed in *Pathway IP LLC v. The Individuals et al.*, 24-cv-5218 (N.D. Ill. 9/10/2024) (attached hereto as Exhibit U).

Still further, in response to the '5218 Litigation, the smallest of the Neewer Defendants filed a petition for Inter Partes Review with the USPTO challenging Pathway's patent. In fact, as outlined by Pathway in its response to the Patent Office at p. 7, filed with Exh. 2028 of the IPR

7

Response collectively as Exh. V hereto, the challenger had less than one-tenth of 1% of the total Neewer Defendants' sales; the government fee for filing the IPR surpassed its litigation exposure.

Here, while sales information for the three plaintiffs and the products in this case is not yet known, ShiQiaoShang is one of the three smallest of the Neewer Defendants in the '5218 Litigation based on revenue in that case. And Plaintiffs are not believed to be significant sellers regarding the products at issue in this case.

In view of the inner workings between Shenzhen Neewer, Shenzhen Xing Ying Da, and those selling their products, assertions that the thirteen Neewer Defendants –or that the three plaintiffs here –are distinct from Shenzhen Neewer and Shenzhen Xing Ying Da are not credible; Shenzhen Neewer and Shenzhen Xing Ying Da are inextricably intertwined with the entities selling their products. At the very least, the Neewer Defendants in the '5218 Litigation and the three plaintiffs here are proxies for Shenzhen Neewer and Shenzhen Xing Ying Da. And, taken together with the Inter Partes Review discussed above, we have a clear pattern: Shenzhen Neewer and Shenzhen Xing Ying Da use related entities (including Plaintiffs here) with little or nothing to lose to challenge patent rights so that, if unsuccessful, they can argue that they are not estopped from subsequent challenges. As a result, the Court should exercise its discretion to decline to hear this case. See *Teva Pharms. USA, Inc.v. Eisai Co*., 620 F.3d 1341, 1349 (Fed. Cir. 2010).

### IV. Conclusion

For the foregoing reasons, no actual case or controversy exists sufficient to vest this Court with subject matter jurisdiction over the instant declaratory judgment action. Moreover, Plaintiffs' purposes for bringing this suit—as an exercise in gamesmanship rather than to clear up an actual and concrete controversy between the parties—runs counter to the goals of the DJA. Accordingly,

the Court should exercise its discretion under the DJA, decline to hear this action, and GRANT Defendant's Motion to Dismiss.

Dated: January 23, 2026								Respectfully Submitted,

/s/ Joseph Hooper
Joseph Hooper, NDIL #77011
**AVEK IP LLC**
7285 W. 132nd St., Ste. 340
Overland Park, KS 66213
(913) 499-1284
jhooper@avekip.com
*Attorney for Defendant*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 23rd Day of January, 2026, a true and correct copy of the foregoing Motion to Dismiss was electronically filed with the Clerk of the Court and served upon all parties having entered an appearance in this matter by operation of the CM/ECF System.

Dated: January 23, 2026 /s/ Joseph Hooper
Joseph Hooper